691 P.2d 1298

**Kenton R. PINCOCK and Shirley H. Pincock, husband and wife, Plaintiffs-Appellants,**

v.

**POCATELLO GOLD AND COPPER MINING CO., INC., a corporation; Tejan Enterprises, Inc., a corporation; Jim Desfosses and Jane Doe Desfosses, husband and wife; and all unknown owners of any interest in the following described property situated in Bannock County, Defendants-Respondents.**

No. 14430.

Court of Appeals of Idaho.

Dec. 7, 1984.

Petition for Review Denied Feb. 14, 1985.

John Kugler, Pocatello, for plaintiffs-appellants.

Lloyd J. Webb, Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for defendants-respondents.

BAKES, Acting Chief Judge.

Plaintiff appellants Pincocks filed a complaint for quiet title to certain real property consisting of several lode mining claims in Bannock County, Idaho. The complaint succinctly stated in two short paragraphs that "the plaintiffs are the owners in fee simple and in possession of the real property described in the caption, and plaintiffs have been in actual and uninterrupted possession thereof for more than five years immediately prior to the filing of this action, and have paid the real property taxes on the same, and have a connected title deraignable of record from the United States of America." In another even shorter paragraph the complaint states that "the defendants, and each of them, claim some interest in and to the said real property adverse to the plaintiffs." The complaint then prayed for a judgment quieting title in the plaintiffs.

The answer filed by the defendant denied the allegations in paragraph I, admitted the allegations in paragraph II, and further alleged "that defendants' claim to said property is better than the plaintiffs' and requests the court that title in the above described property be vested in the defendants."

The pleadings in the action were supplemented by a pretrial order which set out three factual issues to be tried. The first was whether the Pocatello Gold & Copper Mining Co., Ltd., or its statutory trustees ever conveyed the mining claims to N.M. Eldredge; secondly, whether N.M. Eldredge was a statutory trustee for the Pocatello Gold & Copper Mining Co., Ltd., under Idaho Compiled Statutes § 4790; and third, the validity of the plaintiffs' claim of ownership on the basis of adverse possession.

Trial was held, and at the close of the plaintiffs' case the defendants moved the

court for a dismissal pursuant to I.R.C.P. 41(b). The trial court granted the Rule 41(b) dismissal entering findings of fact to the effect that the title of the real property was vested in Pocatello Gold & Copper Mining Co., Ltd., a defunct Idaho corporation; that the court was unable to determine that there were any surviving directors or managers of Pocatello Gold & Copper who would be trustees of the defunct corporation; that the subject real property was never conveyed by Pocatello Gold & Copper to either Nathan M. Eldredge, or the plaintiffs; that while the plaintiffs had paid the real property taxes for at least five years prior to the filing of this action, the plaintiffs had never entered into possession of the subject property as defined in I.C. § 5–208; that the plaintiffs had never held the subject real property exclusive of the rights of others, and had never sustained a continued occupation and possession of the subject real property for a five-year period of time. Based upon the foregoing findings, the court concluded that the plaintiffs had failed to prove their quiet title claim. Accordingly, the district court dismissed the plaintiffs' complaint with prejudice.

Plaintiffs have appealed. They assert that the trial court erred in dismissing the action on the ground that they failed to prove title to the subject real property in themselves either by grant or devise, or by adverse possession, and also because the trial court had failed to resolve other issues such as the ownership of the stock in Pocatello Gold & Copper Mining Co., Ltd., and the effect of that stock ownership upon the right to ownership of the real property in question.

■ The trial court concluded that the plaintiffs "have never held the subject real property exclusive of the rights of others ... [and that] the plaintiffs have never sustained a continued occupation and possession of the subject real property for a five-year period of time." Likewise, the trial court found that the plaintiffs failed to prove that title to the property was vested in Nathan M. Eldredge, and therefore the decree of distribution from the Eldredge estate purporting to distribute the real property to the plaintiffs did not establish a legal claim by the plaintiffs to the property. The appellants have not provided this Court with a transcript of the trial testimony, and therefore we must presume that the trial court's findings of fact are adequately supported by the evidence elicited at the trial. Therefore the trial court's findings and conclusions are sustained.

■ The appellants' claim that the trial court should have litigated the question of ownership of the stock of Pocatello Gold & Copper Mining Co., Ltd., and by the stock ownership determine the ultimate ownership of the property, has no merit. Not only was that issue not raised by the quiet title complaint or the pretrial order, but it was not a proper issue to be tried in view of the parties to the present lawsuit. There is no showing that all of the stockholders of the defunct corporation were either joined or notified of the action, and there is no statutory trustee appointed as required by I.C. § 30–1–136. Accordingly, the trial court did not err in dismissing the action without taking up the collateral issue of the ownership of the stock as that might relate to who is entitled to the ultimate disposition of the real property.

Judgment affirmed. Costs to respondent. No attorney fees allowed.

McFADDEN and TOWLES, Acting JJ., concur.